UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEANNE SAMANIE | ) | CIVIL ACTION NO: 14-2547 |
| | ) | |
| Plaintiff | ) | SECTION: |
| v. | ) | |
| | ) | MAGISTRATE: |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES UNDER**
**THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 2671-2680**

**NOW INTO COURT**, comes Jeanne Samanie, by and through undersigned counsel, and brings this action alleging as follows:

**INTRODUCTION**

1.  This is an action by plaintiff, Jeanne Samanie, for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. The action is brought against the United States of America and arises from injuries sustained by Jeanne Samanie while being treated at Teche Action Clinic by Dr. Kara Morgan on or about the 18th day of January, 2011.

**JURISDICTION AND VENUE**

2.  This action arises under Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 and, accordingly, jurisdiction is vested in this Court by 28 U.S.C. §§ 1346(b).

3. Jurisdiction in this Court is also proper in that, pursuant to 28 U.S.C. § 2675(a), the claim set forth herein was first presented to the U.S. Department of Health and Human Services on January 10, 2013. Defendant acknowledged receipt of the claim in a letter dated January 22, 2013. More than 6 months have passed since the filing of the claim and the defendant has not issued a response. Therefore, the filing of this complaint is proper and timely.

4. Venue in this matter is proper in the Eastern District of Louisiana under 28 U.S.C. § 1402(b) because the plaintiff resides in the district. Venue is also proper in that all of the events and omissions giving rise to the causes of action occurred in this district.

## THE PARTIES

5. Plaintiff, Jeanne Samanie is a resident of Houma, Louisiana and, at all times relevant to the allegation of this complaint, was a resident of Terrebonne Parish and a citizen of the United States.

6. Defendant, United States of America, is a properly named under the provisions of the Federal Tort Claims Act in place of its agencies and employees.

## FACTUAL ALLEGATIONS

7. Ms. Jeanne Samanie was seen at the Teche Action Clinic-Houma on January 12, 2011. The Teche Action Clinic is a federally funded health clinic.

8. The staff members electronically signing the note for that visit were Sharon Smith and Dr. Cara Morgan. The history of present illness documented on the note states that she was seen for arthritis pain.

9. Dr. Cara Morgan and Sharon Smith were employees of Teche Action Clinic and are therefore Teche Action Clinic is vicariously responsible for their actions and/or omissions.

10. At that visit, Ms. Samanie was taking many medications. Of note, she was on clonazepam at bedtime, cyclobenzaprine twice a day, fioricet as directed, hydrocodone/APAP 7.5/500 2 times a day, and Lidoderm 5% patches daily.

11. At the end of the visit, the dose of gabapentin (Neurontin) was increased from 300 mg 1-2 every 8 hours to 600 mg and Ms. Samanie was started on Duragesic (Fentanyl) 75mcg/hr. patch every 3 days for pain. There is no documentation that the hydrocodone/APAP was stopped.

12. On January 18, 2011, Acadian Ambulance Service was called to Ms. Samanie's residence due to her having trouble breathing and her family having difficulty understanding her.

13. The medics found Ms. Samanie with a Glasgow Coma Scale of 9 and unable to tell them "what's going on." They assessed her situation and treated her with progressing doses of Naloxone. She also vomited at the scene and was incontinent of urine.

14. Upon arrival at Terrebonne General Medical Center, Ms. Samanie was found to be in respiratory and renal failure. She was also suffering from hyperkalemia and rhabdomyolysis. She responded to treatment and was discharged to a rehabilitation facility on February 2, 2011.

15. Dr. Morgan breached the standard of care when she prescribed Duragesic to Ms. Samanie during the visit of January 12, 2011. Duragesic is an opioid agonist used for the management of persistent, moderate to severe chronic pain in opioid-tolerant patients. Jeanne Samanie was not an opioid-tolerant patient as described by the manufacturer of Duragesic.

Duragesic should only be used when a patient's pain cannot be managed by other means such as non-steroidal agents, opioid combination products or immediate release opioids.

16. Further, Dr. Morgan breached the standard of care by prescribing a dose far in excess of what would be recommended for a patient with Ms. Samanie's history of pain medication use. Based on the progress note of January 12, 2011, Ms. Samanie was taking hydrocodone/APAP with a total hydrocodone dose of 15 mg per day. This dose is equivalent to a morphine equivalent dose of 11.25 mg (assuming a 25% dose reduction when switching to a second analgesic). Per the dosing guidelines for Duragesic, the use of Duragesic is not indicated due to there not being an available patch of a low enough dose to be safely used for Ms. Samanie. The lowest available dose of Duragesic is a 12 mcg/hr. patch. Based on the recommended dose conversion, the dose would have needed to be closer to 5 mcg/hr. Clearly lower than the 75 mcg/hr. prescribed by Dr. Morgan.

17. If the Duragesic had not been prescribed by Dr. Morgan, it is certain that within a reasonable degree of medical probability that Ms. Samanie would not have become unresponsive due to respiratory depression caused by the drug. If the respiratory depression had not occurred, it is certain that within a reasonable degree of medical probability that Ms. Samanie would not have suffered the acute renal failure, hyperkalemia, and rhabdomyolysis that resulted in her admission to Terrebonne General Medical Center on January 18, 2011.

18. As a result of the above facts, plaintiff, Jeanne Samanie has suffered physical pain and suffering, mental pain and anguish, medical expenses, loss of enjoyment of life, as well as any and all other damages which may be proven at trial. Petitioner claims that she is entitled to damages in a reasonable amount to be determined upon the trial of this cause.

**WHEREFORE**, plaintiff, Jeanne Samanie prays for judgment against defendant, United States of America, for all amounts reasonable under the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

        Respectfully Submitted,

        **SAMANIE & STIPELCOVICH**

        /s/ *Stephen S. Stipelcovich*
        MICHAEL J. SAMANIE (11677)
        STEPHEN S. STIPELCOVICH (27301)
        7836 Park Avenue
        Houma, Louisiana  70364
        Telephone:  (985)  868-8223
        Facsimile:   (985)  868-2284
        Counsel for Plaintiff

PLEASE SERVE:

Attorney General of United States at Washington DC
US Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Attorney for Louisiana
Kenneth Allen Polite, Jr.
210 Hale Boggs Federal Building
500 Poydras Street
New Orleans, LA 70130